(No. 14829.—Reversed and remanded.)

THE PERRY COUNTY COAL CORPORATION, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MORGAN MORGAN, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*what necessary to support an award for permanent total disability—burden of proof.* An award for permanent total disability is justified only in case the employee is rendered wholly and permanently incapable of work, and it must reasonably appear from the testimony that such permanent total disability was the legitimate result of the accident, and the burden is on the applicant to establish these facts by competent testimony.

2. SAME—*award must be based upon facts proved.* An award for permanent total disability must be based upon facts proved and cannot rest upon mere conjecture or surmise.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding.

M. C. YOUNG, (BURTON & HAMILTON, of counsel,) for plaintiff in error.

W. J. MACDONALD, and JOSEPH A. LONDRIGAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a workman's compensation case. A writ of error was granted by this court to review a judgment of the circuit court of St. Clair county confirming an award of compensation to Morgan Morgan. Morgan was employed by plaintiff in error as a coal miner and was engaged in mining coal. August 28, 1918, he was injured by a fall of rock from the roof. The rock fell on his head, causing a strain in the left side, and it is admitted by the plaintiff in error it resulted in a hernia on that side. Morgan quit work until the 31st day of August, when he returned to

305—33

the mine and worked until the 17th of September. He thereafter ceased work and filed an application for compensation, which was heard by an arbitrator April 29, 1919, who made an award of $15 a week for a period of nine weeks and one day, all of which has been paid by plaintiff in error. No other compensation was allowed by the arbitrator. Morgan filed a petition for review by the Industrial Commission. The case was heard on review and an award made June 30, 1920. The Industrial Commission found Morgan had become totally disabled and permanently incapable of performing work after March 8, 1919, and an award was made of $15 a week for 257 weeks, $7.66 for one week, and a pension for life of $26.67 per month. This writ of error was sued out to review the judgment of the circuit court confirming the award.

At the hearing before the arbitrator Morgan described the injury received August 28 and its effect upon him. He testified he returned to work August 31 and worked until September 17, when he quit and did not again return to work until the 21st of November. Before that date he had been operated on for hernia. He worked until March 8, 1919, but lost approximately two days each pay, pay-day being every two weeks. Before he was injured he was able to load six cars of coal a day but since then has been able to load only about four. After March 8, 1919, he ceased work at the mine. He testified the operation for hernia relieved him in a large degree, but when he worked it caused pain in his testicles and he could not sleep at night. When he worked he wore a support. He testified plaintiff in error paid the expense of his operation, which was performed by Dr. Wangelin, of Belleville. His testimony was the only evidence heard by the arbitrator. Morgan filed a petition for review by the Industrial Commission. He testified at the hearing on review he had done no work at the mine since the hearing before the arbitrator; that he had not been able to go into the mine; that he had done some light

work, fixing lawn mowers, and had tried to shovel coal at home but was unable to do that kind of work; that he had been getting worse since the hearing before the arbitrator; that there had been a continual swelling of both testicles and the lower part of the abdomen; that exertion greatly increased the swelling and he would have to go to bed. He testified before he was operated on he never had any of those symptoms, but they began when he left the hospital; that he now has pain all the time and does not sleep well; that he never had any such trouble before the injury; that for a short time after he left the hospital his condition improved and he worked some, but after the 8th of March, 1919, he was unable to work, and there has been no improvement in his condition but he was getting worse all the time.

Elmo Brasel, an acquaintance of Morgan, testified he had seen Morgan at home lying in bed and also saw him on the street; that he seemed to be in pain; that his actions were those of a man suffering pain all the time; that he did not appear that way before his injury.

Dr. Wangelin testified for plaintiff in error that he performed the operation for hernia. He described the manner of performing the operation. He had examined Morgan about two weeks before he testified; that the hernia had completely recovered; that Morgan had orchitis; that his testicles were swollen and painful to the touch; that he thought that was due to some trouble in the prostate gland; that the operation was successful and did not contribute to that condition; that Morgan had sustained no permanent injury due to hernia but he could not say as to the condition of the prostate gland; that he did not treat him for that; that trouble might be the result of venereal disease or might be caused by a blow in that region; that he did not think Morgan's condition was permanent and did not deem it advisable to remove the prostate gland.

At the request of plaintiff in error, and at its expense, Morgan was sent to Dr. Magnuson, medical director and

surgeon of the Industrial Commission, for examination. He reported to the commission in October, 1919, that he had examined Morgan, and in his opinion nerves had been sewed into the scar tissue when the operation for hernia was performed. He recommended the removal of the left ilio inguinal nerve from the scar and a loosening up of the tissue, which he said would cause a complete and permanent recovery. Dr. Magnuson later performed the operation, of which he informed the commission in a communication dated December 23, 1919. He stated the operation was performed December 17 and Morgan was discharged from the hospital December 23, and advised he would probably be able to return to work February 1. The doctor stated so far as the hernia was concerned and pain in the left inguinal region, that trouble had entirely cleared up, and as soon as the severe treatment of the prostate had disappeared Morgan would be normal, able to return to work, and perform as much work as before he was injured in from one to two months' time. Morgan testified regarding the operation by Dr. Magnuson, and said that since that time he had worked parts of two days; that he took a job painting but could not do the work; that he had been able to do no work except something light; that he had pain in both testicles down to the arches of the foot; that the operation had relieved him from the throbbing sensation on the left side, but otherwise his condition had not improved.

The award made by the Industrial Commission was for permanent total disability and Morgan was awarded a pension for life. Such an award is justified only in case the employee is rendered wholly and permanently incapable of work by the injury. The burden is on the applicant to establish this by competent evidence. (*St. Louis Smelting Co.* v. *Industrial Com.* 298 Ill. 272.) The testimony to warrant such an award should be of such character as to support the legitimate conclusion that the accidental injury

produced total and permanent disability of the employee for work. That condition is one about which men, including doctors, may disagree, and the commission must base its findings on legitimate conclusions to be drawn from all the evidence. (*Benton Coal Co.* v. *Industrial Com.* 301 Ill. 396.) Morgan described the accident and his subsequent condition and ability to work up to the time of the hearing on review. Plaintiff in error does not dispute that the hernia was caused by the accident, and he was, of course, entitled to an award of compensation, but to entitle him to compensation for permanent total disability it must reasonably appear from the testimony that such total permanent disability was the legitimate result of the accident. The only medical evidence was that of Drs. Wangelin and Magnuson. Their testimony does not support the claim that the accident totally and permanently disabled Morgan. They testified that the hernia was completely cured by the operations and that the pain in the testicles was not the result of the accident or of the hernia. Both doctors expressed the opinion that Morgan's condition was not permanent. The award must be based on facts proved and cannot rest upon conjecture or surmise. (*Springfield District Coal Co.* v. *Industrial Com.* 303 Ill. 312 and 455.) In our opinion the evidence did not justify the award for total permanent disability.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to set the award aside and remand the case to the Industrial Commission for a further hearing on any competent testimony offered by either party.

*Reversed and remanded, with directions.*