## INDEPENDENCE INDEMNITY CO. v. WHITE et al.
### No. 1090—5322.

Commission of Appeals of Texas, Section B.
May 7, 1930.

C. A. Lord, of Beaumont, for plaintiff in error.

E. B. Pickett, Jr., of Liberty, for defendants in error.

LEDDY, J.

Defendant in error J. S. White received personal injuries while at work as an employee of the Pure Oil Pipe Line Company. Application was regularly made by him for compensation under the Workmen's Compensation Act before the Industrial Accident Board against plaintiff in error, who had issued to claimant's employer a policy of insurance under said act.

On November 27, 1925, said Accident Board, after a hearing, entered its order awarding the defendant in error compensation for the injuries received for a period of 19 weeks, at $13.85 per week. The claimant filed notice as required by statute of his intention not to abide by the award and decision of the board, and on the 24th day of December, 1925, filed his petition in the district court of Jefferson county, Tex., in which he sought to set aside said award, setting forth in his petition that he had been totally and permanently incapacitated by reason of the injuries received while in the course of his employment. On the 15th day of November, 1926, the court sustained a demurrer to his petition on the ground that it appeared therefrom that the injuries complained of were sustained in Liberty county, Tex., and said cause was dismissed for want of jurisdiction. No appeal was prosecuted from this judgment, nor did the claimant file any other suit to set aside the award of the Industrial Accident Board.

On the 16th of December, 1926, defendant in error filed with the Industrial Accident Board his application to have his claim for compensation reopened and reconsidered, the ground assigned being that since the board had made its original ruling and award claimant had been examined by several physicians and had had X-ray examinations and photo-

graphs made of his injuries, and that he was then in position to show to the satisfaction of the board that the injuries received by him July 25, 1925, were permanent, and for that reason he was entitled to compensation for a period of 401 weeks from the date of his injury.

On the 21st day of March, 1927, the Industrial Accident Board, after proper hearing, entered its second award, in which it was recited that it was shown that material changes had been wrought in the physical condition of defendant in error since the original award had been made on the 27th day of November, 1925, and that it then appeared that the claimant had suffered total incapacity for the performance of labor at all times since the date of his injury, and would continue to remain so incapacitated for an indefinite period in the future, and was therefore entitled to recover from plaintiff in error compensation at the fixed rate of $13.85 per week from July 18, 1925, until changed, modified, or terminated by agreement of the parties, or order of the board, not to exceed, however, the period of 401 weeks.

Plaintiff in error gave due notice of its intention not to abide by this second award and within the time allowed by law filed its petition in the district court of Liberty county to set the same aside. It set forth in its petition that the defendant in error had filed with the Industrial Accident Board his application to the board to have his claim for compensation reopened and reconsidered by the board, and averred that the grounds set forth by him were the following:

"Since the Industrial Accident Board made its ruling and award of November 27, 1925, J. S. White has been examined by several doctors and had X-ray examinations and pictures made of his injuries and is now in a position to show to the satisfaction of the Industrial Accident Board that the injuries received by him on July 25, 1925, were permanent and for that reason he is entitled to compensation for a period of 401 weeks from and after the date of his injury.

"Whereas, your petitioner prays that the claim be re-opened and reconsidered by the Board in order that further evidence may be offered to establish, if it is true, the permanent injury of the claimant."

Defendant in error answered by general denial, and also set up a cross-action in which the usual cause of action was set up showing that the injuries were compensable under the Workmen's Compensation Act (Rev. St. 1925, §§ 8306–8309, as amended), and in addition thereto said petition admitted the allegation in plaintiff in error's petition in regard to its filing a petition before the Industrial Accident Board to reopen and reconsider his claim for compensation upon the grounds therein alleged. Said cross-action then made the further allegation that said board upon a hearing of said petition decided and adjudged as follows:

" 'That it now appears material change has been wrought in the physical condition of the said J. S. White since said order (of date November 27th, 1925) was made and entered, that he has suffered total incapacity for the performance of labor at all times since the infliction of said injury and will continue to suffer said total incapacity for an indefinite period in the future; that said order of November 27th, 1925, be and the same is hereby held to be of no binding force and effect except to the extent same actually compensates said J. S. White for the injury sustained on July 10th, 1925,' and 'that said J. S. White suffered total incapacity for the performance of labor in consequence of said injuries, from July 10th, 1925, down to and including this date, and will continue to suffer said total incapacity for an indefinite period in the future and he is therefore entitled to recover and have paid to him by the Independent Indemnity Company Compensation at the fixed rate of $13.85 per week, same beginning to accrue on July 18th, 1925, and being payable weekly thereafter as each of said installment payments accrue and mature,—but in no event to continue longer than 401 weeks from and after July 10th, 1925, less credit of sum total of all previous payments for compensation, if any, and less attorney's fees hereinafter ordered paid."

Upon the trial of the cause no specific issue was submitted to the jury, nor was request made for such submission, as to whether a change had been wrought in claimant's condition since the date of the first award of the Industrial Accident Board. The court, however, did submit to the jury the question as to whether the claimant was totally and permanently incapacitated by reason of the injuries complained of, which issues were answered by the jury in his favor.

It is plaintiff in error's view that the first award of the Industrial Accident Board had become final, and therefore it could only be set aside by pleadings and proof upon the part of the claimant that there was either fraud or mistake in the making of said award or that there had been a change of conditions since the same was made. Plaintiff in error took the position at the close of the evidence offered by defendant in error that neither of the conditions named in said article had been shown, and moved that the court peremptorily instruct the jury to return a verdict against defendant in error on his cross-action, but such request was denied by the court.

Section 5, art. 8307, R. S. 1925, provides: "If any party to any such final ruling and decision of the board, after giving notice as above provided, fails within said twenty days to institute and prosecute a suit to set

the same aside, then said final ruling and decision shall be binding upon all parties thereto."

■ Plaintiff in error contends that as defendant in error failed, after giving the required notice, to file his suit to set such award aside in the proper district court, under the above provision it is conclusive, and the same cannot be reviewed under the authority granted in section 12d, art. 8306. It is unnecessary to discuss this question, as it has been determined adversely to plaintiff in error's contention by the decision rendered in the case of Miller's Indemnity Underwriters v. Hayes (Tex. Civ. App.) 230 S. W. 833.

A more serious question is presented by plaintiff in error's insistence that its peremptory instruction should have been given because the proof offered by defendant in error failed to discharge the burden imposed upon him to show that there had been such a change in his condition subsequent to the original award as authorized the Industrial Accident Board to set aside its former award and allow compensation for total permanent incapacity. The claimant himself gave the following testimony: I guess the injury I am claiming now *is just the same injury I claimed all the time since I made this claim.* It was back sometime about October, 1905, when I first got my claim before the Board."

He further testified: "I sent a notice of my claim to the Board. The doctor said when I made this claim on the 5th of October that I had a sprained back and had injured my right kidney and it was then infected. I guess that is the claim I made. I went by what they said. The claim that I had an infected kidney was the statement that the doctors made. That is what they told me."

■ Sections of the various Workmen's Compensation Acts, which authorize a review of awards on the application of one of the interested parties and providing that such awards may be modified on such review, are not intended to afford a method of correcting errors made in fixing the amount of the original awards, but are designed to afford a means of enabling an employer or the employee to obtain an increase, decrease, or termination of awards because of a change in the workman's physical condition occurring subsequent to . the entry of the original awards. Crossfield y. Tanian, 2 Q. B. (Eng.) 629, 69 L. J. Q. B. 790; Mead v. Lockhart, 2 B. W. C. C. (Eng.) 398; Corbet v. Haines W. C. Rep. (Eng.) 288; State v. District Court, 136 Minn. 147, 161 N. W. 391; Bloomington, D. & C. Ry. Co. v. Industrial Board, 276 Ill. 120, 114 N. E. 511; Benton Coal Co. v. Ind. Commission, 301 Ill. 396, 134 N. E. 37.

The effect of the allegations upon which defendant in error sought a modification of the original award of the Industrial Accident Board, and the proof adduced to support same, is that at such time he was suffering from the same permanent injury of which he complained when originally seeking compensation before the board, but that since said first award was made he had discovered new and additional evidence tending to sustain the issue tendered by him at the former hearing. In passing upon the conclusiveness of an award where a recovery was sought merely because of additional evidence discovered since the award was made, the Supreme Court of Illinois, in Simpson Construction Co. v. Industrial Board, 275 Ill. 366, 114 N. E. 138, 140, said: "Whether the fifth lumbar vertebra had been fractured as the result of the injury and had not at that time been discovered by any of the physicians who examined Mustaccio cannot influence the effect of the finding of the decision August 6, 1914. Mustaccio was in the same condition then that he was at the time of the last hearing, and he was contending at that time that the result of his injury, whatever its exact nature may have been, *was the same as it was at the time of the last hearing before the Industrial Board.* As there was no proof whatever that his disability had recurred, but, on the other hand, all the proof was to the effect that his condition had remained the same, the decision of August 6, 1914, was conclusive, and the Industrial Board, after hearing all the testimony, should have dismissed the petition upon the motion of the plaintiff in error."

The Supreme Court of California, in Georgia Casualty Co. v. Industrial Accident Commission, 177 Cal. 289, 170 P. 625, set aside a second award made upon review by the Industrial Accident Board because it was not predicated upon any new facts occurring since the date of its original award, but was based solely upon a reconsideration of the facts upon which the first award was made.

■ Continuing incapacity for the same injury for which compensation has been awarded is not a change of condition within the *statute authorizing the board to review orders* based upon a change of condition. Graney's Case, 123 Me. 571, 124 A. 204; Hartford Hosiery Mills v. Jernigan, 149 Tenn. 241, 259 S. W. 546.

■ Whatever errors or irregularities there may be in an original award must be corrected through the appeal allowed the *dissatisfied party to the district court.* It is only when there has been a change in the claimant's physical condition since the first award that the board may change or modify its order awarding or denying compensation.

■ In order that a second or increased award may be made, the claimant must affirmatively show that the disabilities suffered by him have *increased after the first award was made* so that a second one is justified. Springfield Dist. Coal Mining Co. v. Industrial Commission, 303 Ill. 312, 135 N. E. 790; Belleville Brick & Tile Co. v. In-

dustrial Commission, 305 Ill. 577, 137 N. E. 401.

There is no proof in the record tending to show any change in defendant in error's condition occurring subsequent to the first award. He merely claimed to be in better position to prove the issue sought to be established by him upon the hearing on the original award by reason of his subsequent action in having an X-ray picture made of the injured portion of his body. In other words, the contention was made in his second appearance before the board that he was then able to establish that which he attempted to demonstrate on the first hearing.

To permit awards of the Industrial Accident Board to be modified or set aside merely because the claimant is able to produce new or additional evidence to establish the same injury for which compensation has been awarded would operate to give the orders of. such board no finality whatever, and would result in repeated hearings and adjudications on identically the same issue. In our opinion no such result was contemplated by the enactment of the provision authorizing a modification of an award upon a showing of a changed condition.

■ Defendant in error having wholly failed to discharge the burden resting upon him to show that the Industrial Accident Board, on account of a change in his physicial condition since the first award, was justified in setting aside such order and awarding increased compensation, plaintiff in error's motion for a peremptory instruction should have been sustained.

We recommend the judgment of the district court and the Court of Civil Appeals be reversed, and that judgment be here rendered in favor of plaintiff in error.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiff in error, as recommended by the Commission of Appeals.