### EMPLOYERS' LIABILITY ASSUR. CORP., LIMITED, v. BEST.

#### No. 1622.

Court of Civil Appeals of Texas. Eastland.

Feb. 5, 1937.

Rehearing Denied Feb. 26, 1937.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

Hamner & Ponder, of Sweetwater, and Scarborough & Ely, of Abilene, for appellee.

LESLIE, Chief Justice.

In the trial below appellee, Best, recovered a judgment for compensation on the basis of total permanent incapacity due to a "change in the workman's physical condition" occurring subsequent to the original award of 26 weeks.

On February 15, 1934, while in the course of his employment for the Gulf Refining Company, the appellee received an injury for which the Industrial Accident Board allowed him compensation for total incapacity for 26 weeks from date of injury, that date being also the inception of the resulting incapacity. That award made May 24, 1934, was unappealed from by either party. It was based upon evidence that the incapacity would last about six months. The 26 weeks' compensation was received and that period of time expired about August 15, 1934.

November 30, 1934, the injured employee filed with the board upon the authority of section 12d, article 8306, R.S.1925, as amended (Vernon's Ann.Civ.St. art. 8306, § 12d), a petition for review of the award of May 24, 1934, accompanying same by exhibits, seeking compensation for total permanent incapacity on account of a change in the condition—the development of encephalitis—subsequent to the original award.

January 28, 1935, the board acted on appellee's petition and upon the showing made awarded additional compensation at the rate of $11.66 per week for total incapacity for an indefinite period, but not to exceed 401 weeks, including the original award of 26 weeks. The Employers' Liability Assurance Corporation, Limited, gave notice of appeal from the last award and filed this suit to set it aside. The claimant filed answer and cross-action, usual in such cases, setting up the injury, the original award of 26 weeks, the receipt of same, development of encephalitis subsequent to the first award, petition for review, last award, and sought the additional compensation for total permanent incapacity.

In response to such pleadings, the appellant challenged the jurisdiction of the district court to entertain the cross-action on the ground the award appealed from was made in response to a petition filed after the expiration of the original 26 weeks award. That the board having no jurisdiction, the court could have none. The question was raised by plea in abatement and general demurrer, both of which were overruled and the point preserved.

By proper assignments the appellant presents the contention that the term "compensation period" means the duration of time fixed in the original award by the Industrial Accident Board in the first instance, namely 26 weeks, and that the board could in no event enter a valid order on a petition for review filed by an interested party after the expiration of such period of time, and that the court erred in holding otherwise, or in overruling said plea and demurrer. This calls for a construction of article 8306, § 12d, R.S.1925, as amended (Vernon's Ann.Civ.St. art. 8306, § 12d), and a determination of the

meaning of the expression therein "compensation period."

It is the appellee's contention that by said expression is meant the period of time for which compensation may be awarded by the board in the case of a given injury. Stated differently, it is the appellee's contention that if the injury results through disease, infection, or otherwise, in total and permanent incapacity, as alleged in this case, the "compensation period" is fixed at 401 weeks. Under such construction, the "compensation period" in a given case would be fixed by the law, and not by some period of time designated by the board under the circumstances of an earlier award.

We have carefully considered the statute in the light of the best authorities available. Very little, if any, aid is afforded by them. However, we desire to state in the outset that the result of our thought and investigation leads us to the conclusion that the term "compensation period" as used in said statute means the maximum time prescribed by law for which the Industrial Accident Board (according to the nature of the injury described in a claim brought before it) has jurisdiction to award the payment of compensation. The "compensation period" evidently begins with the date of the inception of the compensable incapacity. In the instant case, the date of the injury and the date of the resulting incapacity (continuing more than 4 weeks) are coincident; that is, February 15, 1934. Article 8306, § 6, Vernon's Ann.Civ.St. pocket parts.

In arriving at this conclusion, we are aided in a substantial measure by keeping in mind the meaning and legal effect of the definition of injury as found in article 8309, R.S.1925, section 1, subd. 5, which reads as follows: "The term 'injury' * * * shall be construed to mean damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

Obviously, "compensation period" should be given such construction as will afford the injured employee a reasonable opportunity to recover compensation not only for the physical harm manifest at the time of the accident, but for such injury as may be delayed by reason of the tardy development due to the natural effects of disease and infection. These later maturing effects are generally not discernible at first, and in many cases they are long delayed. Evidently it was the purpose of the Legislature to compensate the employee for the incapacity suffered, whether it followed immediately upon the happening of the accident, or developed subsequently by reason of the elements mentioned in the definition. Th definition takes into consideration the fact, so obvious in common experience, that disease and infection, at first unobserved or unknown, might result subsequently. Hence, whatever construction be given the term "compensation period," it should not be such as to nullify the benefits of compensation for incapacity attributable to disease and infection.

An honest workman might have no grounds to suspect during the time he was being temporarily compensated—26 weeks in this case—that his injury would thereafter be augmented by disease or infection. Under such circumstances, he would naturally have no reason to seek a review of the original award. Conceivably he might receive the benefits of temporary compensation, return to work, and thereafter within the "compensation period," as defined herein, be stricken with incapacity due to such disease or infection. In that event, to allow him the remaining and unexpired portion of the 401 weeks (less period of compensation plus time returned to work, etc.) from date of incapacity (as in this case) in which to seek at the hands of the board a review of the original award and obtain further compensation would be but in keeping with the liberal spirit or construction of the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.). On the other hand, to restrict the claimant's right to petition for review to the limits of the temporary award (26 weeks) would doubtless defeat all right to remuneration for after developing injury, since, as stated, no reasons may have appeared to the employee within the designated time that would cause him to think that he was not getting full and fair compensation according to the facts of his case.

In the instant case, 26 weeks' compensation doubtless appeared fair to both employer and employee, for neither appealed therefrom. If the employee's alleged subsequent change in condition reflects the facts, as we may assume it did, then it would appear that neither the board nor the employee was aware of possible subsequent developments. Under such circumstances, should it be held that because 26 weeks appeared to be fair compensation to all par-

ties, the board in fixing the same divested itself of jurisdiction (after the expiration of 26 weeks) to consider the final and true injury which develops after the original award? We think the Legislature ·did not intend that a meritorious claim under such circumstances should rest upon the hazard of being discovered by the employee solely within the limited time for which temporary compensation was awarded, namely 26 weeks.

There is another reason why we are impelled to interpret "compensation period" as above stated. It gives the injured employee the full benefit of the law enacted largely in his behalf. Assume that he receives an injury and gives the 30 days' notice. He does not have to file his claim with the board except within 6 months from the date of the injury. Assume that he suffers 10 weeks' incapacity from the date of the injury, but does not file claim for 20 weeks, or 5 months after the injury. In that case should the board take jurisdiction and allow him compensation for the 10 weeks' incapacity suffered from the date of injury, there would not be from the very beginning any "compensation period," under the appellant's contention, in which the employee could file a petition for review. This for the obvious reason that no award was made in the supposed case until after said "period" had expired, and naturally no opportunity was presented in which to discover reasons upon which to base a petition for review.

The principle we have in mind may be stated in terms of general application as follows: If "compensation period" be construed to mean the time during which the board awards compensation, then the provisions of said section 12d can never be availed of for the benefit of a large class of employees who are just as much entitled to such benefits as others, if not more so. The law specifies 30 days from the date of an injury in which to give notice thereof and 6 months (or longer for good cause) in which to file claim with the board. Perhaps in the majority of cases wherein the board makes an award the period for which the payment of compensation is awarded has already expired. Manifestly in all such cases no benefit under section 12d could ever be available since the "compensation period" would have expired before any change in the employee's condition after the award could take place. In our opinion, it would be an unreasonable construction of the provision which would make it available for some employees, but not available to a large number equally entitled to its benefits.

The above conclusions are also warranted by the application of the general rule for the construction of statutes stated in 39 Tex.Jur. p. 205, as follows:

"It is elementary that a statute will be construed in such manner as to make it effective—that is enforceable and operative—if it is fairly susceptible of such interpretation. Thus where two constructions might reasonably be given a statute, of which one will effectuate the legislative intent and purpose and make the act operative, while the other will defeat such intent and purpose and render it inoperative, the former· construction will be adopted. Similarly, an act that is susceptible of more than one construction will be so interpreted as to secure the benefits intended and as will best effect the legislative purpose."

In this connection it will be observed that the Workmen's Compensation Law refers to the "period covered by such compensation" as not "greater than 401 weeks. * * *" Article 8306, § 10, R.S.1925; referring to compensation for partial incapacity, the statute says, "the period covered by such compensation shall be in no case greater than three hundred weeks," Id., § 11; for injuries enumerated as specific injuries, the statute speaks of compensation in such cases as "for the respective periods stated herein"—referring to weeks, months, etc. Id., § 12.

The general purport and tenor of these statutes suggest or imply the interpretation we have given the language in the statute. We have found no direct expres-' sion by the Supreme Court on the point, nor has our attention been called to any. The interpretation is believed to be in harmony with that given the Workmen's Compensation Law. For instance, an injured employee has good cause for delay in filing his claim for the reason that he thought his injury trivial. Texas Emp. Ins. Ass'n v. Clark (Tex.Civ.App.) 23 S.W.(2d) 405. The fact that serious consequences had not developed also constitutes good cause. Gulf Cas. Co. v. Taylor (Tex.Civ.App.) 67 S.W.(2d) 415; Texas Emp. Ins. Ass'n v. Jones (Tex.Civ.App.) 70 S.W.(2d) 791.

In what we have said we are not unmindful that the opinion in Browner v. Texas Indemnity Ins. Co. (Tex.Civ.App.) 17 S.

W.(2d) 850 (writ ref.) contains expressions favorable to the contention of the appellant. However, a careful reading of that opinion necessarily leaves the conclusion that what was said on motion for rehearing puts the decision on the proposition that the evidence established the fact that no real change in condition had ever occurred in Browner, subsequent to the original award. Further, no special reasons are given in the opinion why "compensation period" as used in the statute should be the simple period of time in which the board might under a given state of facts award compensation.

We find nothing in the case of Southern Cas. Co. v. Boykin (Tex.Civ.App.) 298 S. W. 639, that gives it any application to the facts of this case. There temporary compensation was allowed and accepted. Thereafter the injured employee sought to obtain the benefits of an operation. It was held that he was not entitled to such upon the delayed request. That such an operation at that time would have been void of benefit to the carrier had it been successful. In the last analysis the opinion is also placed upon the ground that the evidence did not sustain the alleged change of condition on the part of the employee.

The Court of Civil Appeals in Independence Indemnity Ins. Co. v. White, 10 S.W. (2d) 263, in effect held that the Industrial Accident Board could review its previous orders after the expiration of the designated number of weeks for the payment of compensation as evidenced by the original order of the board, but the judgment of that court was reversed in an opinion by the Commission of Appeals, 27 S.W.(2d) 529, on the ground that the evidence did not support the issue of a change in condition, etc.

We overrule the assignments challenging the correctness of the ruling of the trial court on the plea in abatement and general demurrer.

This brings us to a consideration of those assignments which attack the verdict of the jury in its different phases, as well as the judgment, on the ground that there is no evidence to support the same; that the evidence is insufficient; and that the appellant was entitled to an instructed verdict. The case was submitted to the jury upon special issues and in response to same the jury found that the employee Best sustained (1) an injury on February 15, 1934; (2) that he is now suffering from encephalitis; (3) that such encephalitis was contracted as a natural result of his injury of February 15, 1934; (4) that it was contracted by him between May 24, 1934 (date of first award), and January 28, 1935 (date of second award); (5) that he is totally incapacitated as a result of such encephalitis; (6) that it will be permanent; (7) that he is entitled to a lump-sum settlement; and (8) that he had not been "totally and permanently disabled at all times since February 15, 1934, as a result of said injury."

We have reviewed the testimony and conclude that it is of such a nature that this court would not be warranted in setting aside any of the jury findings or the judgment upon the grounds stated. The alleged change of physical condition since the original award and due to the development subsequent thereto of encephalitis is believed to be sufficiently sustained. Independence Indemnity Ins. Co. v. White (Tex.Com.App.) 27 S.W.(2d) 529. No useful purpose will be served by an extended discussion of these points. These propositions are overruled and the judgment of the trial court is affirmed.