**BLY v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.**

No. 13549.

Court of Civil Appeals of Texas. Dallas.

June 9, 1944.

Rehearing Denied July 7, 1944.

Curtis E. Hill, of Dallas, for appellant.

W. B. Handley, of Dallas, for appellee.

BOND, Chief Justice.

On June 22, 1943, Industrial Accident Board, in due time and form, entered an order awarding appellant, Margaret Bly, compensation for injuries alleged to have been sustained by her while in due course of employment by Hockaday School, Inc. Appellee, Employers' Liability Assurance Corporation, Ltd., the insurance carrier, was ordered to pay the employe $11.31 per week for an indefinite period, not exceeding 401 weeks, "unless changed by subsequent award of the Board." On July 7, 1943, neither party having appealed or given notice of appeal, the Accident Board, recognizing apparent error in entering the award, on its own motion and without notice to either party, set aside the award; and thereafter on July 8, 1943, upon notice to the interested parties of date June 30, 1943, reset for hearing the question of review, to hear evidence on liability, the degree of liability, and to make such an award as would be in keeping with the facts in the case. The hearing was set for August 3, 1943, and is still pending.

On July 14, 1943, appellant instituted this suit in a District Court of Dallas County to mature the award, with 6% interest, 12% penalty, and $1,500 attorney's fee, for alleged failure of the insurance carrier to make the weekly payments. Appellee interposed plea in abatement and plea in bar, each based upon the idea that the order of June 22, 1943, was not a final order of the Board, in that, on July 7, 1943, it was within the province of the Board to set aside the order, to set the cause for rehearing and to make further award in keeping with the facts; therefore it was not in default in payments of compensation pending such rehearing. The trial court sustained the pleas and dismissed appellant's suit.

The questions involved here are, whether the Industrial Accident Board, in the exercise of its quasi judicial functions, has the power, within twenty days from date of the order, on its own motion and without notice to the parties, to set aside its order of June 22, 1943, and grant a rehearing; and whether the award is final to justify suit to mature payments, with interest, penalty and attorney's fee, where the Accident Board, on notice to the interested parties, set a hearing for review and adjustment of such claim, in keeping with the facts.

Article 8307, Vernon's Ann.Civ. St., as to the points here under consideration (Sec. 5), provides, in effect, that all controversial questions arising under the Workmen's Compensation Law are first determinable by the Industrial Accident Board, and that the Board has exclusive jurisdiction to order adjustment of all such matters until such time as suit shall be filed, within twenty days, in a court of competent jurisdiction. Should suit not be filed in protest of the rulings of the Board within the limitation period, the action of the Board becomes final. In absence of suit, the Board has inherent power as a judicial agency to do what it will with its orders erroneously entered. Its orders become final and enforceable only on and after the twenty-day period. Like unto orders and judgments of a court during term time, the Accident Board has the same inherent power and right of control over its rulings and decisions as a court has over its judgments, subject only to the limitation that if suit is filed, then the Board shall proceed no further toward the adjustment of such claims. While the Industrial Accident Board is not a court vested with power to enforce its orders and awards, yet it may exercise quasi judicial functions. Vestal v. Texas Employers' Ins. Ass'n, Tex.Comm. App., 285 S.W. 1041; Ocean, etc., Corp. v. Pruitt, Tex.Com.App., 58 S.W.2d 41. The Board's orders awarding compensation have all the force and effect of a judgment. Middlebrook v. Texas Indemnity Co., Tex.Civ.App., 112 S.W.2d 311. They are reviewable by the Board within the contestable period, without notice, and subject to revision on rehearing, for fraud, accident or mistake.

In this case the Accident Board, being apprehensive of error in the award of June 22, 1943, on its own motion, set aside the award, granted a rehearing on the merits of appellant's claim and set it down for hearing on due notice to all parties. Under such circumstances, we think the Board had the authority to re-open and review the facts and that, in absence of the prerequisite steps provided by law for adjudication, before the time for taking such steps had expired, the award was not final and enforceable; the Board had not lost

jurisdiction of the matter, and hence had the inherent power to set it aside and grant the parties a new trial.

Appellant was not prejudiced by the action of the Board. On June 30, 1943, before the award was set aside and rehearing ordered, the Board gave appellant the following notice on her claim: "This is to notify you that the above styled case (case cited) has been set for hearing before the Board in Austin, Texas, promptly at 9:30 A. M. on Tuesday, August 3, 1943. First, on the question of Review, and Second, if it is decided to go behind previous award and re-open the Claim, then on its merits, to hear evidence, to determine the liability of the insurance company, and, if liable, the degree of incapacity or disability to the claimant, and all questions before the Board incident to the main issues on which the case is set, including a reduction in the period with a corresponding increase in the rate, hospital, doctors', nurses' and drug bills, and to fix an appropriate award in keeping with all the facts in the case. If you (and this refers to all parties) know of any outstanding accounts in this case, such as doctors', hospital, drug and nurses' bills, please have itemized statements filed before date of hearing, showing all services and the charge and date of each. Services must be given separately."

■ It is evident that the previous order of the Board awarding compensation was not final. Sec. 5a, Art. 8307, provides that only in cases where the Board shall have made a final order, ruling or decision, and the insurance carrier has failed or refused, without justifiable cause, "to continue to make said payments promptly as they mature", has the employe or his beneficiary the right to mature the entire claim and to institute suit thereon to collect the full amount thereof, with penalty and attorney's fee. So the question as to whether or not the Board acted within its jurisdiction in setting aside its order of June 22, 1943, without notice, is immaterial. It undoubtedly had jurisdiction to keep the matter open and order a rehearing with due notice to the parties, without subjecting the insurance carrier to the penalty of appellant's suit.

■ Appellant hinges her right to mature the weekly payments on Art. 8306, Sec. 12d, which provides: "Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, * * *. Review under this Section shall be only upon notice to the parties interested."

A careful examination of the above Article discloses that the notice provided only applies to final orders of the Board, where compensation is being paid and changed condition has arisen for review. It has no application where the Board, on its own initiative, discovers errors and mistakes in the order, and opens the way for rehearing by giving notice and resetting the claim for hearing on its merits. The order was tentative in effect; it set no compensation period, only ordered weekly compensation to be paid for an indefinite period, not exceeding 401 consecutive weeks, "unless changed by subsequent order of the Board."

For the reasons above expressed, the judgment of the court below is affirmed.

Affirmed.