GENERAL AMERICAN CASUALTY COMPANY, Appellant,

v.

Chester S. ROSAS, Appellee.

No. 3125.

Court of Civil Appeals of Texas.

Eastland.

Feb. 4, 1955.

Rehearing Denied Feb. 25, 1955.

James Little, Big Spring, for appellant.

J. Ray Martin, Snyder, for appellee.

COLLINGS, Justice.

This is a Workmen's Compensation case. Chester S. Rosas brought suit against General American Casualty Company upon an appeal from an order of the Industrial Accident Board of Texas, dated July 8, 1953. By plea in abatement and answer on the merits, the insurance company contended that the trial court did not have jurisdiction. The plea in abatement was overruled and trial was had before a jury. Based upon the jury's findings, judgment was entered for Chester S. Rosas for total and permanent disability from the date of his injury, June 24, 1952. General American Casualty Company has appealed.

It appears from the record that after due notice and filing of Rosas' claim for compensation before the Industrial Accident Board, the matter was set for hearing and after such hearing the Board, on February 9, 1953, entered its award finding that Rosas had "failed to establish by proof that he suffered a compensable injury in the course of employment" as claimed. On February 20, 1953, Rosas, through his attorney, filed notice of intention to appeal from the award of the Board, but did not file suit in any court to perfect his appeal.

The attorney who filed and presented Rosas' claim to the Board gave written notice to the Board on March 24, 1953 of his withdrawal as attorney in the case. On the same date, Hon. J. Ray Martin, as attorney for Rosas, wrote a letter to the Board requesting that if the case had been struck from the docket it be restored. He further requested that if the claim had been denied on the merits that, under Article 8306, Sec. 12d, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 8306, § 12d, the letter should serve as an application for review of any such order denying compensation.

On April 2, 1953, the Board received from Martin, as attorney for Rosas, a statement in support of the application for review of the order of February 9, 1953 and indicated that the application was based on mistake and a change of condition. The mistake claimed to have been made in the order of denial, which was relied upon as a basis for review, was purported to be shown in certain letters on behalf of Chester Rosas, which indicated that he was disabled for a great and compensable period of time following his injury on June 24, 1952. The letters or instruments listed in the statement were: (a) an affidavit dated July 16, 1952, showing that Rosas was at that time receiving treatments at a hospital in Snyder as a result of his claimed injury and that he was at the time unable to work; (b) an amended report dated July 22, 1952, showing that Rosas had not returned to work at that time; (c) a letter purporting to show that Rosas was depending on charity for support, since he was

unable to work and had not been paid compensation since about July 1, 1952; (d) letters from doctors and surgeons purporting to show the nature and extent of Rosas' disability, and (e) a report by the employers purporting to show that Rosas was an employee on June 24, 1952 and was injured in the course of his employment.

After having set the application for review for hearing to be held on June 9, 1953, the Industrial Accident Board, on June 18, 1953 again found that Rosas had failed to establish by proof that the condition of which he complained was the result of accidental injury suffered in the course of his employment as alleged and, therefore, again denied his claim. No copy of this order or finding was sent to Hon. J. Ray Martin.

On July 6, 1953, the Industrial Accident Board received a letter from Hon. J. Ray Martin inquiring concerning the delay of the hearing set for June 9, 1953. Thereafter, on July 8, 1953, the Board, on its own motion, set aside its order and finding of June 18, 1953 and entered a new order denying the claim. Copies of this order were sent to all interested parties, including Hon. J. Ray Martin, attorney for claimant. Notice of appeal was filed by the claimant with the Board on July 14, 1953 and suit was filed in the District Court of Scurry County on July 22, 1953.

Appellant's first six points deal with the question whether the trial court acquired jurisdiction of the subject matter by reason of the purported appeal from the ruling and decision of the Industrial Accident Board dated July 8, 1953.

Appellant contends that the award of July 8, 1953 is a nullity and that no appeal can be based thereon. Appellant urges that the disposition of appellee's claim by the award of the Board dated February 9, 1953 became final; that Rosas, through his attorney, did on February 20, 1953, file notice of intention to appeal but did not within 20 days thereafter or at any time thereafter file suit in any court to perfect his appeal from that order denying his claim; that the trial court, therefore, did not have jurisdiction of this case which was filed as an attempted appeal from the order of the Board dated July 8, 1953.

Appellant contends in the alternative that if the award of February 9th did not become final that the ruling and award of the Board dated June 18, 1953 denying appellee's claim did become final because no appeal was made from it; that in any event the trial court acquired no jurisdiction of appellee's claim by the attempted appeal from the July 8th order of the Board.

Appellee Rosas contends that the order of February 9, 1953 was vacated by the order of June 18th, and that the latter order prior to the time it became final, to-wit: July 8, 1953, was also set aside and a new and correct order and award entered by the Board.

■ The order of the Industrial Accident Board dated February 9, 1953 denied Rosas' claim for compensation. It is undisputed that no appeal was taken from this order of the Board. The general rule in such cases is that the action of the Board becomes final and cannot be attacked even in the courts in the absence of fraud, accident or mistake. Bly v. Employers' Liability Assur. Corporation, Limited, Tex.Civ. App., 181 S.W.2d 878 (Err.Ref.); Davis v. Commercial Standard Ins. Co., Tex.Civ. App., 194 S.W.2d 599 (Ref.N.R.E.); Middlebrook v. Texas Indemnity Ins. Co., Tex.Civ.App., 112 S.W.2d 311 (Writ Dis.).

■ Under certain circumstances, the Industrial Accident Board has statutory power to review a final ruling or award. Article 8306, sec. 12d, Vernon's Revised Civil Statutes of Texas provides:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation pre-

viously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested."

The authority of the Industrial Accident Board to review a previous order is by the terms of the statute hedged with certain limitations. The time within which the review may be made is limited to that within the "compensation period." The term "compensation period" has been held to mean the maximum period prescribed by law for which the Industrial Accident Board, according to the nature of the injury described in the claim before it, has jurisdiction to award compensation, and begins with the date of the inception of the compensable incapacity. Employers' Liability Assur. Corp., Limited v. Best, Tex.Civ.App., 101 S.W.2d 891. The statute further provides, however, that when the previous order denies compensation the application for review shall be made to the Board within twelve months of its entry. There is no question but that the application and order for review here involved were within the compensation period.

■ Three grounds are provided by the statute which will authorize the Industrial Accident Board to review a previous award or order, to-wit: change of condition, mistake, or fraud. The existence of change of condition, mistake or fraud as authority for the Board to review a previous award is first passed upon by the Board itself, but in the final analysis, it is a fact question for the trial court and the burden of showing the existence of such fact is on the claimant. Employers' Liability Assur. Corp., Limited v. Best, supra; Commercial Standard Ins. Co. v. Brock,

Tex.Civ.App., 167 S.W.2d 281, 287 (Ref. W.M.); Independence Indemnity Co. v. White, Tex.Com.App., 27 S.W.2d 529.

■ The application before the Board for review of the February 9, 1953 order alleged change of condition and mistake as grounds for review. As we understand, the only ground urged on this appeal as authority for the action of the Board in reviewing and setting aside the February 9th order is that of mistake. In our opinion, appellee has failed to discharge his burden to establish the existence of mistake as contemplated by the statute. In the first place, no issue on the question of mistake was submitted or requested by appellee to be submitted to the jury. Secondly, the pleadings and the evidence in this case would not support the submission of such an issue. Appellee's allegations and proof of mistake are, in effect, that the Board made a mistake in its award dated February 9, 1953 in denying his claim for compensation and in finding that he "failed to establish that he had suffered a compensable injury in the course of his employment"; that in effect, Rosas was disabled for a great and compensable period following his injury of June 24, 1952, and the order of the Board was so against the overwhelming weight of evidence before the Board that the order could have been due only to a mistake; that at the time of the award and at all times since, Appellee was and has been suffering from the same permanent injury complained of in his original claim; that in addition to the evidence originally submitted to the Board, he had discovered new and additional evidence in support of his claim. There was no proof and no contention is here made that there was a change of condition.

■ The facts as above set out do not portray the type of mistake contemplated by the statute as a basis for review of a previous order of the Industrial Accident Board. The mistake alleged and shown, if any, is simply a mistake in judgment on the part of the Board in denying appellee's claim. The remedy for such

a mistake is an appeal to the court under the provisions of the Workmen's Compensation Law, and not a review by the Board under Article 8306, sec. 12d. A final award of the Industrial Accident Board, after the time for appeal has passed, is, in effect, a judgment. A finding of fact by a court, though erroneous, does not constitute a "mistake of fact" in legal contemplation. It has been held that "mistake" independently authorizing the setting aside of an award approving a compensation settlement must concern not the claimant's real condition but some fact material to the settlement contract, unknown to the claimant. Estes v. Hartford Accident & Indemnity Co., Tex.Civ.App., 46 S.W.2d 413 (Ref.); Caffey v. Aetna Casualty & Surety Co., Tex.Civ.App., 219 S.W.2d 530 (Ref.N.R.E.); Great American Indemnity Co. v. Blakey, Tex.Civ.App., 107 S.W.2d 1002 (Writ Dis.).

In our opinion, the Industrial Accident Board had no power under the statute to review its prior and final award of February 9, 1953 and to make another award based upon the same injury and resulting disability because of a mistake in the judgment of the Board in denying the claim. The remedy for such a mistake is an appeal. The subsequent awards of June 18, 1953 and July 8, 1953 were both unauthorized and no appeal could lie therefrom.

The Board was without power to revive the claim and the court was likewise without jurisdiction to entertain an appeal from a subsequent unauthorized award on the same claim. This court, therefore, has no jurisdiction of an appeal from the trial court's judgment. Associated Indemnity Corporation v. Peel, Tex.Civ.App., 157 S.W.2d 416 (Writ Dis.); Commercial Casualty Ins. Co. v. Hilton, 126 Tex. 497, 87 S.W.2d 1081.

The judgment of the trial court is reversed and the cause is dismissed.