## MILLER v. LLOYDS ALLIANCE.
### No. 12564.

Court of Civil Appeals of Texas.
San Antonio.
June 3, 1953.

Rehearing Denied July 1, 1953.

Kelley, Looney, McLean & Littleton and C. E. Blodget, Edinburg, for appellant.

Maurice Flahive, Austin, for appellee.

W. O. MURRAY, Chief Justice.

This is a Workmen's Compensation case. Harry R. Miller is the employee, Victoria Oil Field Maintenance Service, the employer, and Lloyds Alliance, the insurance carrier. Miller appealed from an order of the Industrial Accident Board refusing to reopen a previous award to him, by filing cause No. B–18625 in the District Court of Hidalgo County, Texas, on April 15, 1952.

The trial court sustained defendant's Exception No. II to Miller's petition, finding, among other things, as follows: "The matters and things originally alleged in Cause B–18074 have become res adjudicata by virtue of the Court's ruling therein," and then proceeded to dismiss Cause No. B–18625, from which judgment of dismissal Harry R. Miller has prosecuted this appeal.

A full statement of what has happened with reference to appellant's claim for workmen's compensation is here necessary.

Miller sustained an injury on September 19, 1950, while employed by the Victoria Oil Field Maintenance Service.

He timely filed a claim with the Industrial Accident Board, and on March 12, 1951, was awarded $25 per week for a period of twenty-six weeks, for temporary total incapacity.

He gave notice of appeal, and on March 31, 1951, filed Cause No. B–18074 in the District Court of Hidalgo County against Lloyds Alliance, in which he alleged, among other things, as follows: "That this cause is an appeal from an award of the Texas State Industrial Accident Board which, on the 12th day of March, 1951, ordered Lloyds Alliance to pay Harry R. Miller $25.00 per week for 26 weeks for temporary total incapacity. This action is an appeal from said ruling of said Board." This petition, however, did not contain all of the allegations which should be in a petition of this kind, but, on the contrary, asked for damages in the sum of $53,000 for appellant's injuries caused by the negligence of the foreman of Victoria Oil Field Maintenance Service.

On May 10, 1951, Miller filed his first amended original petition in which the missing allegations of his original petition were supplied. This amended petition was filed more than forty days after the Industrial Accident Board had made its award to Miller, from which he was attempting to appeal. In reply, appellee filed its first amended answer and also its motion for summary judgment, which motion was by the trial court granted on January 7, 1952, and Cause No. B–18074 was dismissed. No appeal was perfected from this judgment of dismissal, but appellant went back to the State Industrial Accident Board and filed a motion to reopen his claim upon alleged changed conditions. The Board overruled his application to reopen, upon the ground that the Board had no further jurisdiction of his claim. Miller appealed from this ruling of the Board by filing the present cause No. B–18625. To this petition appellee filed certain exceptions. The trial court sustained Exception No. II and dismissed the cause—all the other exceptions were overruled.

Appellee's Exception No. II, which the trial court sustained, reads as follows:

"And in connection with Suit No. B–18074, this Honorable trial Court in rendering Judgment in said cause, did on the 7th day of January, 1952, enter an Order Dismissing said suit No. B–18074 for lack of Jurisdiction and denied in said order all other relief which either party prayed for, and in connection with said ruling, there was a finding by the Court that said Petition in said Cause of Action No. B–18074 was a common law negligence action as originally filed, and therefore this defendant says that the Plaintiff has by filing said common law action, to-wit, Action No. B–18074, elected to abandon his claim, if any, for Workmen's Compensation, and having failed and refused to perfect an Appeal from the ruling of the Court on its action in Cause No. B–18074, has finally disposed of said common law action heretofore filed by the plaintiff, and therefore this Court has now no jurisdiction to enter-

tain the Plaintiff's cause of action as pleaded in his First Amended Original Petition in this suit, and Defendant herein now prays the Court to Dismiss this cause of action herein for want of jurisdiction, and in the alternative this defendant prays that the Court hold that the matters and things originally alleged in Cause No. B–18074 have become res adjudicata by virtue of the Court's Rulings, and by virtue of the failure and refusal of the plaintiff to appeal therefrom."

■ The judgment of dismissal in Cause No. B–18074 is found in this record, and it is plain that this cause was dismissed for want of jurisdiction. A judgment of dismissal for want of jurisdiction is not ordinarily a judgment on the merits and is not res judicata of the issues raised in the petition. 26 Tex.Jur. 85, § 387, and page 89, § 390.

■ Neither did appellant abandon his claim for Workmen's Compensation by the filing of Cause No. B–18074. It was not against a third person, and his petition plainly shows that he was attempting to appeal from the award of the Industrial Accident Board. If appellant had filed a suit against a third party and abandoned his claim against the insurance carrier, he would have come under the provisions of section 6a of Art. 8307, Vernon's Ann.Civ. Stats., and he would thereby have waived his claim for workmen's compensation. Garza v. United States Fidelity & Guaranty Co., Tex.Civ.App., 251 S.W.2d 781. Cause No. B–18074 was against the insurance carrier, not against a third person, and did not amount to an abandonment of his claim for workmen's compensation.

■ There was no appeal from the judgment of dismissal in Cause No. B–18074, and therefore it has become final, and we have no jurisdiction to here consider whether the court erred in rendering this judgment, but we are called upon to pass upon the effect of the judgment. The effect of the judgment was to dismiss Cause No. B–18074, and place appellant in the position he would have been if he had attempted no appeal from the award of the Board on March 12, 1951.

■ This being true, he had a legal right under the provisions of section 12d, Art. 8306, Vernon's Ann.Civ.Stats., to go back to the Industrial Accident Board upon alleged changed conditions and ask the Board for a corrected or amended award. The Board having denied, in effect, his request for an amended award, he had a right to appeal therefrom. We are therefore of the opinion that the court erred in sustaining appellee's special exception No. II, and in dismissing appellant's Cause No. B–18625.

■ Appellee contends that appellant's motion of January 28, 1952, for a modified or corrected award did not present any facts sufficient to invoke jurisdiction or authorize the Industrial Accident Board, under the provisions of section 12d of Article 8306, Vernon's Ann.Civ.Stats., to modify or correct its award of March 12, 1951, and, therefore, the Board's order of March 14, 1952, refusing jurisdiction and relief was correct and should be sustained, even if the reason given by the trial court for his judgment of dismissal was incorrect. We overrule this contention. To sustain it, would be in effect to sustain a general demurrer to appellant's petition, which of course cannot be done. Rule No. 90, T.R. C.P. This was not a hearing on the merits of the cause. It was not even a summary judgment hearing. It was only a hearing on appellee's exceptions. The trial court overruled all exceptions except No. II, which it sustained. We having determined that the trial court erred in sustaining this exception on which he based his judgment of dismissal, there remains nothing else for us to do but reverse the judgment and remand the cause.

Reversed and remanded.