Jacinto N. GALACIA, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE · ASSOCIATION, Appellee.

No. 3858.

Court of Civil Appeals of Texas.

Waco.

June 29, 1961.

Rehearing Denied July 19, 1961.

Barker, Barker & Coltzer, Galveston, for appellant.

Royston, Rayzor & Cook, Bryan F. Williams, Jr., Edward J. Patterson, Jr., Galveston, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court dismissing plaintiff's workmen's compensation case for want of jurisdiction.

Plaintiff Galacia suffered an injury within the scope and course of his employment in December 1957, and reported same by letter to the Industrial Accident Board on 25 March, 1958. His correct address, to-wit: *"2410 Avenue E, Galveston, Texas"* was placed under his signature on such letter. The Board thereafter sent him a form on which to report his injury. Plaintiff had the Secretary of his Union, as an accommodation, fill out the form for him. The Union Secretary, through inadvertence, filled in his address as *"3410 Avenue E, Galveston, Texas"*, but in the same instrument gave the address of his nearest relative, his wife, as *"2410 Avenue E, Galveston, Texas."* Plaintiff has lived for 7 or 8 years at "2410 Avenue E, Galveston, Texas"; has never lived at *"3410 Avenue E"*; and as a matter of fact, there is no such address as *"3410 Avenue E."*

Thereafter the Board sent several communications to plaintiff addressed to *"3410*

*Avenue E"*, and plaintiff received them at *"2410 Avenue E."*

The Board, on *13 June 1958*, made an award denying plaintiff's claim. Such was forwarded to plaintiff, addressed to *"3410 Avenue E, Galveston, Texas."* The Post Office Department in Galveston returned same to the Industrial Accident Board. On 11 July 1958, plaintiff's wife had the Union Secretary write the Board inquiring as to the status of her husband's claim, and this letter gave her address as *"3410 Avenue E"*. The Board mailed her a copy of the 13 June order, addressed to *"3410 Avenue E"*. This communication was returned to the Board by the Post Office. Plaintiff thereafter employed an attorney, who wrote the Board, and ascertained the foregoing.

On *4 October 1958* plaintiff filed a petition for rehearing and review with the Board, seeking to have the Board revise its final award of 13 June 1958 under Article 8306, Sec. 12d Vernon's Annotated Texas Civil Statutes. Such petition was denied by the Board on *20 October 1958*, and plaintiff gave notice of appeal from such decision of the Board and filed suit in the District Court on *6 November 1958*.

Defendant moved the Trial Court to dismiss the action for lack of jurisdiction, which motion the Trial Court sustained.

Plaintiff appeals contending: "The Trial Court erred in sustaining defendant's plea to the jurisdiction and in dismissing the case for lack of jurisdiction since the action was properly brought and timely filed under the facts and circumstances of this case."

In the case at bar the Board entered its order denying plaintiff compensation on 13 June 1958. The Board sent plaintiff a copy and notice of such award, addressing same to the last address supplied the Board by the plaintiff. The plaintiff did not receive such notice as the address was incorrect, and the Post Office Department returned such communication to the Board. Plaintiff contends that the Board should have reviewed its file, in which event they would have found his correct address, and remailed the notice to him; and that failing to do that they should have granted his petition for rehearing. Plaintiff further contends that under the factual situation here detailed, the 20 day period in which to file his appeal runs from *20 October 1958*, (the date of the Board's denial of his petition for review), rather than from *13 June 1958*, (the date of the final award denying him compensation).

Article 8306, Sec. 12d, V.A.T.S. provides:

"Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, * * * previously awarded, * * *. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months * * *".

Article 8307, Sec. 4, V.A.T.S. provides:

"The Board may make rules not inconsistent with this law for carrying out and enforcing its provisions, * * *".

Rule 1.07 (made by the Board pursuant to the above), provides:

"All notices and communications will be mailed to the last address supplied, either on the Employer's Report of Injury, or by claimant's letter * * *".

Article 8307, Sec. 5, provides that:

"Any interested party who is not willing * * * to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision * * * file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred to set aside said final ruling and decision, * * *".

(Plaintiff concedes that the foregoing is jurisdictional and must be complied with).

 Applying the law announced to the undisputed factual situation, we think the District Court did not have jurisdiction over plaintiff's cause; and that the Trial Court properly dismissed the same.

The Board furnished plaintiff the notice of award to the last address supplied to the Board. The Board complied with its rules to the letter, (which have the force and effect of law, 1 Tex.Jur. 2c p. 659), and no negligence or fault whatever is shown by the record on the part of the Board. The Board is under no legal duty to review its files to determine an alternate address to which to forward plaintiff's notices and communications.

The Board refused to grant plaintiff's petition for rehearing. The fraud, mistake or change of condition for which the Board may grant a rehearing under Article 8306, Sec. 12d, is for fraud, mistake or change of condition leading to or causing the entry of an erroneous award, and not to matters which occur after the award is made. Commercial Standard Insurance Co. v. Shank, Tex.Civ.App., 140 S.W.2d 273, W/E Dis. In any event the Board declined to reopen the case. The 20 days prescribed for appeal is jurisdictional, and runs from the date of the award (*13 June 1958*). See Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Braden v. Transport Ins. Co., Tex. Civ.App., 307 S.W.2d 655, n. w. h.; Leadon v. Truck Ins. Exchg., Tex.Civ.App., 253 S. W.2d 903, n. w. h.; Taylor v. Royal Ind. Co., Tex.Civ.App., 276 S.W.2d 412, n. w. h.; Texas Employers' Ins. Ass'n v. Cook, Tex. Civ.App., 55 S.W.2d 205, n. w. h.; Fidelity & Casualty Co. of New York v. Millican, Tex.Civ.App., 115 S.W.2d 464, W/E Refused; Brown v. McMillan, Tex.Civ.App., 108 S.W.2d 914, W/E Refused; General American Casualty Co. v. Rosas, Tex.Civ. App., 275 S.W.2d 570, W/E Ref. n. r. e.

In passing, we believe that this factual situation points up very forcefully, a need for the Industrial Accident Board, to promulgate rules of internal operation and procedure which will, in the future, more nearly insure that claimants receive notice of the Board's final award.

Plaintiff's contentions are overruled and the judgment of the Trial Court is affirmed.