**Jess W. CLAWSON, Appellant,**

**v.**

**TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellee.**

**No. 480.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 9, 1971.

Rehearing Denied July 7, 1971.

John S. Brukner, Houston, for appellant.

John L. Gemoets, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

SAM D. JOHNSON, Justice.

Workmen's compensation case.

The plaintiff, Jess W. Clawson, allegedly suffered injuries in two separate accidents while in the scope and course of his employment at Petro-Tex Chemical Corporation. Being critical to the instant determination the sequence of events must be detailed. The first accident occurred on October 25, 1966; the second on February 2, 1967. The plaintiff filed his notice of injury and claim for compensation for both injuries with the Industrial Accident Board on or about July 27, 1968. The Board set the cases for hearing on September 17, 1968, but did not act on the award on that date. On September 27, 1968, the Board requested the plaintiff to submit a narrative medical report. On October 17, 1968, the Board entered two awards denying the plaintiff recovery in both cases on the ground that no medical evidence was offered. The plaintiff made no appeal of these awards within the prescribed 20-day period.

On November 7, 1968, the plaintiff filed a bill of review with the Industrial Accident Board requesting it to review and set aside its awards of October 17, 1968. On November 20, 1968, the Board entered a ruling declining to review the awards entered on October 17, 1968. The plaintiff, on November 22, 1968, notified the Board that he was not willing to abide by the ruling made on November 20, 1968 and that he would appeal said ruling. The board acknowledged receipt of such notice of appeal on November 25, 1968. The plaintiff filed suit in the district court of Harris County, Texas, on November 27, 1968.

When the case was called for trial, the court, after a pre-trial conference, granted the defendant Texas Employers' Insurance Association's motion for summary judgment. The trial court found as a matter of law that the plaintiff failed to file notice of non-abidance with the Board indicating that he would not consent to be bound by the October 17, 1968 award of

said Board within 20 days of the award, that the letter of the Industrial Accident Board dated November 20, 1968 was not a final award, and that the district court was without jurisdiction of the plaintiff's lawsuit. The plaintiff has appealed.

The plaintiff contends in six points of error that the trial court acquired jurisdiction of the subject matter of this suit by reason of the purported appeal from the Industrial Accident Board's November 20, 1968 decision declining to review the awards of October 17, 1968.

■ Article 8307, Sec. 5, Vernon's Ann.Tex.St., provides that before jurisdiction will attach in the district court of this state, over an appeal from an award of the Industrial Accident Board, the following steps must be taken: (1) notice that the party making the claim does not consent to abide by the final ruling and decision of the Board shall be filed within 20 days after the rendition of the final ruling and decision; (2) the party shall, within 20 days after giving such notice, bring suit in the county where the injury occurred to set aside said final ruling and decision. Compliance with this statutory requirement is mandatory and jurisdictional. Yancy v. Texas General Indemnity Company, Tex. Civ.App., 425 S.W.2d 683, ref., n. r. e.; Galacia v. Texas Employers' Insurance Association, Tex.Civ.App., 348 S.W.2d 417, ref., n. r. e. A district court cannot exercise jurisdiction over an award of the Industrial Accident Board when these requirements are not met within 20 days after the rendition of the award. Pappas v. Royal Indemnity Co., 251 F.2d 439 (5th Cir. 1958); Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084.

Here the plaintiff did not file notice of non-abidance with the Industrial Accident Board within 20 days after the rendition of the October 17, 1968 award. Rather, on November 7, 1968 (21 days after the rendition of the October 17, 1968 award) the plaintiff filed a bill of review requesting the Board to reopen plaintiff's claim. See Art. 8306, Sec. 12d, V.A.T.S. In this bill of review the plaintiff stated that he had failed to file his notice of non-abidance within the time specified by statute because he had not received notice of the Board's award until 21 days after its rendition. In the sworn pleadings of this cause the plaintiff alleged that, "Since actual notice of the Board's award (made on October 17, 1968) was not received by plaintiff or plaintiff's attorney until twenty-one days after said award was made, it was impossible to comply with the Texas Workmen's Compensation Act provision that notice of intention to appeal the Board's award must be filed within 20 days of the date of the award."

It is the plaintiff's contention in point of error number 4 that the Industrial Accident Board retained jurisdiction over his claim under Art. 8306, V.A.T.S., until November 20, 1968, the date on which the Board declined to review the previous awards. The plaintiff argues that the November 20, 1968 ruling was the final award, that appeal was duly perfected from said award and the district court therefore had jurisdiction over the subject matter of this suit.

Article 8306, Sec. 12d, V.A.T.S., provides:

"Upon its motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing, or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested."

There is no question but that the application for review here involved was within the compensation period.

The plaintiff's allegation of mistake was the alleged failure of the Industrial Accident Board to send a notice of the award to the last address supplied to the Board. Rule 1.07 of the Industrial Accident Board's rulings provides: "All notices and communications will be mailed to the last address supplied, either on the employer's report of injury, or, by claimant's letter. * * *" This ruling has the force and effect of law. Galacia v. Texas Employers' Insurance Association, supra. The plaintiff listed his address as 708 Indiana, South Houston, Texas, in his notice of injury and claim for compensation filed with the Industrial Accident Board. The Industrial Accident Board's correspondence lists the plaintiff's address as 708 Indiana, Houston, Texas. The record indicates that the Board failed to comply with Rule 1.07 in that it did not mail all notices and communications to the last address supplied to the Board; the Board reflected plaintiff's address to be in Houston, Texas, rather than "*South*" Houston, Texas.

■ A mistake on the part of the Industrial Accident Board in failing to give proper notice of an award to a claimant is not, however, the type of mistake contemplated by Art. 8306, Sec. 12d, V.A.T.S., as a basis for review of a previous order of the Board. The mistake for which the Board may grant a rehearing under this statute is for one leading to or causing the *entry* of an erroneous award; not for a mistake occurring *after* the entry of an award. Galacia v. Texas Employers' Insurance Association, supra. The Board cannot reopen or review an award at any future time after the expiration of the 20-day statutory period unless the applicant brings himself within the grounds specified in the review statute. Daniels v. Southern Surety Co., Tex.Civ.App., 40 S.W.2d 209, writ ref. In our opinion the Industrial Accident Board has no power under the statute to review the awards of October 17, 1968 and hence did not retain jurisdiction over the awards after the expiration of the 20-day statutory period.

■ ■ The plaintiff contends in point of error number five that the November 20, 1968 ruling was the final award on the ground that the previous awards of October 17, 1968 were void or voidable because the Board failed to give plaintiff notice that a hearing would be held on that date. The Workmen's Compensation Act contemplates notice of the hearing and an opportunity to be heard. Holt v. Employers Reinsurance Corporation, Tex.Civ.App., 393 S.W.2d 329, aff'd Tex., 410 S.W.2d 633. The Industrial Accident Board has a duty to set aside an award entered without due notice because an award entered without due notice of the hearing is a nullity. Associated Indemnity Corporation v. Baker, Tex.Civ.App., 76 S.W.2d 153, dismd. This point of error must be overruled, however, because the plaintiff wholly failed to offer any summary judgment evidence which would substantiate this point of error in the proceeding below.

We hold, in summary, that the trial court correctly found that the letter of the Industiral Accident Board dated November 20, 1968 was not a final award.

■ In points of error, 1, 2, 3 and 6 the plaintiff argues alternatively that if the trial court correctly ruled that the Industrial Accident Board's November 20, 1968 decision was not the final award, the 20-day period within which to file his notice of appeal was tolled until November 8, 1968, the day after he received actual notice of the award. The 20 days prescribed for appeal by Art. 8307, Sec. 5, V.A.T.S., has been consistently held to run from the date of the award. Galacia v. Texas Employers' Insurance Association, supra; Pappas v. Royal Indemnity Co., supra; Roberts v. Ohio Casualty Insurance Co., 256 F.2d 35 (5th Cir. 1958). The plaintiff failed to perfect his appeal to the district

court within the time period specified by statute and points of error, 1, 2, 3 and 6 must therefore be overruled.

The judgment of the trial court is affirmed.