**Jess W. CLAWSON, Petitioner,**

v.

**TEXAS EMPLOYERS INSURANCE AS-SOCIATION, Respondent.**

No. B–2906.

Supreme Court of Texas.

Jan. 26, 1972.

Rehearing Denied Feb. 23, 1972.

736

John S. Brukner, Houston (Schmidt, Matthews & Peterson, Marvin Peterson, Houston, on this appeal only), for petitioner.

Butler, Binion, Rice, Cook & Knapp, Michael Connelly, Houston, for respondent.

CALVERT, Chief Justice.

The trial court dismissed Clawson's suit for workmen's compensation benefits for want of jurisdiction. The court of civil appeals affirmed the judgment. Tex.Civ. App., 469 S.W.2d 192. We affirm.

The Industrial Accident Board entered its award on October 17, 1968 denying Clawson's claim. Clawson failed to give notice within twenty days, as required by Art. 8307, sec. 5, Vernon's Texas Civil Statutes, that he would not abide by the award.

On November 8, 1968, the claimant filed an application with the Board seeking review of the award. In his application he gave two reasons why review should be granted, to wit: (1) because of failure of the Board to give him notice of the date of hearing on his claim, and (2) because neither he nor his attorney had notice of entry of the award until more than twenty days after entry thereof. On November 20, 1968, one of the members of the Board advised Clawson by letter: "The Board declines the motion to review award entered in # F–77486 and F–77487 on October 17, 1968." On November 25, the claimant's attorney gave notice to the Board that he would not abide by the "Board ruling made on November 20, 1968 declining motion to review award made on October 17, 1968."

■ On November 27, 1968, Clawson filed this suit seeking to set aside the Board's order of November 20 and to recover compensation benefits. In all, he filed an original and three amended petitions, and in none of them did he plead or assert a right to have the award of October 17 reviewed or set aside because of the Board's failure to give notice of the date of hearing. It follows that no such issue was presented to the trial court, and it cannot successfully be asserted on appeal as a reason for reversing the trial court's judgment. Two of Clawson's three points of error in this court, being based squarely on failure of the Board to give notice of hearing, must, therefore, be overruled.

The only questions remaining are whether the Board and the trial court had jurisdiction to entertain Clawson's application and suit for review of the October award because of failure of the Board to give Clawson or his attorney notice thereof in time to take required statutory steps for perfecting an appeal, and whether such failure constituted legal grounds for changing the award. We are satisfied that the first question must be answered "yes" and the second "no."

The Board's letter to Clawson is less than clear. There is nothing in the record to show whether the Board declined to entertain jurisdiction of Clawson's application for review, or whether, having entertained and considered it, the Board declined to change its October award of denial. For our purposes, we will assume that it was considered and denied. This assumption seems more in keeping with the policy we staked out for the Board in Employers Reinsurance Corporation v. Holt, 410 S.W. 2d 633 (Tex.1966).

·Although Clawson refers to the trial court's judgment as a "summary judgment," it seems to be such only in the sense that it was summarily rendered. The insurer's motion for summary judgment, pursuant to Rule 166–A, Texas Rules of Civil Procedure, was for a take-nothing judgment and was overruled by the trial court on March 3, 1969. The judgment of dismissal, from which this appeal was taken, was rendered on September 16, 1970. The judgment recites that after having considered matters presented in a conference in the judge's chambers the case was being dismissed for want of jurisdiction, "it appearing to the Court that the letter of the Industrial Accident Board of the State of Texas dated November 20, 1968 is not a final award and further, that no notice within twenty (20) days of the award of the Industrial Board of the State of Texas dated October 17, 1968, was filed . . . ."

■ By well settled judicial interpretation of Art. 8307, sec. 5, the October award

became final and unappealable because of the failure of the claimant to give notice in twenty days that he would not abide by it. If Clawson had sought by his suit only to set aside that award by appeal, we would agree that the trial court had no jurisdiction of the suit. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084 (1926). But that was not all the relief sought; he sought also to have the award reviewed as authorized by Art. 8306, sec. 12d.

■ Art. 8306, sec. 12d provides that upon application of any interested person "showing a change of condition, mistake or fraud," the Board may change or revoke a previous order denying compensation if the application to review is made within twelve months after entry of the award. We are aware that some of our courts have held that the Board does not have jurisdiction of a review application unless it shows "a change of condition, mistake or fraud," and that a court has no jurisdiction of a suit seeking review of Board action on an application so deficient. See Galacia v. Texas Employers' Insurance Association, 348 S.W.2d 417 (Tex.Civ. App.—Waco 1961, writ ref'd n. r. e.); General American Casualty Company v. Rosas, 275 S.W.2d 570 (Tex.Civ.App.— Eastland 1955, writ ref'd n. r. e.). We do not agree.

The statute does not make legally sufficient allegations of change of condition, mistake or fraud a jurisdictional prerequisite to Board consideration of a review application. Indeed, whether factual allegations are sufficient to charge the type of change of conditions, mistake or fraud contemplated by the statute may often be a close question requiring most careful consideration and analysis. The fact that allegations in an application may not be legally sufficient to authorize the Board to change an award does not mean that they are legally insufficient to invoke Board jurisdiction to entertain and act upon the application. The only requirement of the statute which must be met as a jurisdiction-al prerequisite to Board consideration of a review application, is that it be filed within the statutory period.

■ Once the Board acts on a review application, whether by changing a prior award or by refusing to do so, the action is a final award which is reviewable in the proper court. Art. 8306, sec. 12d does not provide a right of appeal from a Board order on a review application, but our courts have long recognized a right of appeal. See Independence Indemnity Co. v. White, 27 S.W.2d 529 (Tex.Com.App. 1930); Associated Indemnity Corporation v. Baker, 76 S.W.2d 153 (Tex.Civ.App.— Amarillo 1934, writ dism'd); Commercial Standard Ins. Co. v. Brock, 167 S.W.2d 281 (Tex.Civ.App.—Amarillo 1942, writ ref'd w. o. m.); Cf. Employers Reinsurance Corporation v. Holt, 410 S.W.2d 633 (Tex. 1966).

■■ We return to the case before us. From what we have said, it is obvious that the Board's denial on November 20, 1968 of Clawson's review application was a final and reviewable award, and that the trial court erred in dismissing the suit for want of jurisdiction. Ordinarily these conclusions would require reversal of the judgments of the courts below and remand of the cause to the trial court for further proceedings. See Touchy v. Houston Legal Foundation, 432 S.W.2d 690 (Tex.1968); Miller v. Lloyds Alliance, 259 S.W.2d 777 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.). However, that course of action would be an empty gesture in this case inasmuch as the only reason alleged as requiring or justifying review and change of the Board's October award does not meet the statutory requirements. Clawson does not allege any change of conditions since the award was made or any acts or conduct on the part of anyone which led to the entry of the award as a result of fraud or mistake, and Clawson could not prevail, therefore, even if the cause were remanded. While failure of Clawson and his attorney to receive notice of the award in time to

perfect appeal therefrom is unfortunate, the statute does not authorize the Board to change its award in every case of injustice.

The judgment of the court of civil appeals is affirmed.