Melba ANDERSON, Appellant,

v.

**NEW YORK UNDERWRITERS INSURANCE COMPANY, Appellee.**

**No. 8848.**

Court of Civil Appeals of Texas, Texarkana.

Feb. 10, 1981.

Rehearing Denied March 3, 1981.

Blake Bailey, Wellborn, Houston, Bailey, Perry & Adkinson, Henderson, for appellant.

Mark McMahon, Erskine, Dunn & McMahon, Longview, for appellee.

BLEIL, Justice.

This is a worker's compensation case in which Melba Anderson brought suit against the insurance carrier upon an appeal from the Industrial Accident Board's decision of March 6, 1979, wherein the Board declined to change its final award of June 26, 1978, denying her claim. The trial court granted the insurance company's motion for summa-ry judgment and Melba Anderson has appealed.

The issue before this Court is whether the summary judgment evidence raises a question of fact as provided in Article 8306, sec. 12d, Tex.Rev.Civ.Stat.Ann., so as to authorize the Board to change its previous order denying compensation.

On September 23, 1977, Melba Anderson, with assistance of her attorney, gave notice of injury and claim for compensation describing injuries to her back as a result of improper strenuous positions taken while sewing for Honey Togs Industries in Gladewater, Texas. A pre-hearing conference date was set for January 11, 1978. At that time her complaints and the medical report of her physician, Dr. Charles Bloom, were before the hearing examiner. Dr. Bloom, in his report of October 4, 1977, related treating her for complaints of pain in her hip, knee and foot for several months. Mrs. Anderson stated that these complaints were the result of an injury from use of a poorly adjusted knee press at the sewing factory. Dr. Bloom indicated that despite his treatment Mrs. Anderson had not improved sufficiently to resume work.

After the pre-hearing conference, Melba Anderson's attorneys sent her to be examined by Dr. R. J. Donaldson. Dr. Donaldson, on January 31, 1978, reported fully on his examination and, among other things, recited the history which he had taken of her present illness including that she,

" . . . has worked as a seamstress for Honey Togs some 17 years and first began having symptoms back in 1972 characterized by pain in her right foot and leg when she would sit at a sewing machine for a prolonged period of time. Following the onset of this, it gradually got worse to the point where she was unable to work since July of '77, and she has been under the care of Dr. Bloom since that time and the records of his care are enclosed. . . . "

Upon considering the history of her present illness, her past medical history and after his neurological examination, Dr. Donaldson generally did not report any objective findings which supported the claim of injury.

On June 26, 1978, the Board's award was made and the Board found:

"That the evidence submitted fails to establish that the claimant sustained a compensable injury in the course of employment for subscribing employer herein as alleged. . . ."

There is no evidence of notice of appeal having been given to the Industrial Accident Board after this first hearing and the affidavits indicate that no notice was given. Melba Anderson thereafter filed suit in the District Court of Gregg County, Texas, being cause No. 78–1358–B, entitled *Melba Anderson v. New York Underwriters Insurance Company.* The record in that case is not now before this Court as a part of the summary judgment evidence. However, the final judgment of December 1, 1978, is and states that after the appearance of the parties through counsel and the examination of the pleadings and the summary judgment evidence and upon the argument of counsel, the court found that New York Underwriters Insurance Company was entitled to a summary judgment in its favor and ordered that the plaintiff take nothing as against the defendant, New York Underwriters Insurance Company.

Prior to the granting of that summary judgment, Melba Anderson filed her motion for a review with the Board, and a hearing on the motion was held February 23, 1979, the special findings of the Board in its March 6, 1979, order were,

"On Review of Award of the Board dated June 26, 1978, the Board finds that no mistake contemplated by Article 8306, Section 12d, was made. Therefore, the Board declines to change award dated June 26, 1978 and no further action thereon will be taken by this Board."

March 12, 1979, the Board received Mrs. Anderson's notice of intention to appeal and thereafter filed her original petition in the instant cause. New York Underwriters Insurance Company filed its original answer and motion for summary judgment urging the finality of the June 26, 1978, award and the final judgment in cause No. 78–1358–B as grounds for its motion. From the order

of March 13, 1980, granting summary judgment in favor of New York Underwriters, this appeal has been perfected.

■■■ A final award of the Industrial Accident Board, after the time for appeal has passed, is a final judgment, and that award is on a parity with a judgment of a court. Article 8307, sec. 5, Tex.Rev.Civ. Stat.Ann., makes the final ruling binding upon all parties. Part of the summary judgment proof reflects that the Board's award of June 26, 1978, became final and unappealable because of the failure of the claimant, Melba Anderson, to give notice of appeal to the Board. Appellant Anderson then sought to have the award reviewed as authorized by Article 8306, sec. 12d. This section provides that upon application of an interested person showing a change of condition, mistake or fraud, the Board may change or revoke a previous order denying compensation.

Some courts have held that the Board does not have jurisdiction of a review application unless such application shows a change of condition, mistake or fraud, and that a court has no jurisdiction of a suit seeking review of Board action on such deficient application. *Galacia v. Texas Employers' Insurance Association,* 348 S.W.2d 417 (Tex.Civ.App. Waco 1961, writ ref'd n. r. e.). The Supreme Court has indicated its disagreement with that holding and in *Clawson v. Texas Employers Insurance Ass'n.,* 475 S.W.2d 735 (Tex.1972), the court made clear that although allegations in an application for review may not be legally sufficient to authorize the Board to change an award, they are legally sufficient to confer jurisdiction on the Board and to act upon such application. The only requirement to be met as a jurisdictional prerequisite for consideration of a review application is the filing of the application within the statutory period. Appellant Anderson's review application was filed well within the period required.

■■ The Board's action on March 6, 1979, declining to change its final award, is also a decision from which a right of appeal to the

proper court exists although Article 8306, sec. 12d, does not specifically provide for that right. *Clawson v. Texas Employers Insurance Ass'n.*, supra; *Independence Indemnity Co. v. White*, 27 S.W.2d 529 (Tex. Com.App.1930, judgmt. adopted).

■ In her application for review on the basis of mistake of fact, Melba Anderson states that her treating physician provided a report which, "... did not adequately reflect his professional opinion as to the relationship ..." of her job to her injuries. "... Such absence of clarity in the medical report caused a mistake of such character as referred to in Article 8306, Section 12D ...". The basis of such allegation was a letter from Dr. Bloom which stated that he felt his earlier reports were clear, but if there was any ambiguity, he felt there was a reasonable certainty that Mrs. Anderson's complaints were job related. This Court's opinion in *Twin City Fire Ins. Co. v. Foster*, 537 S.W.2d 760 (Tex.Civ.App. Texarkana 1976, writ ref'd n. r. e.), is cited as her supporting authority. In *Twin City* this Court had occasion to look carefully to the precise nature of the mistake of fact required in review of board cases. In the opinion, the court examined Texas authorities and those of other jurisdictions and concluded that:

> "... Although there has been some confusion in the decisions as to what constitutes a mistake of fact for this purpose, the better rule seems to be that Sec. 12d was intended to authorize a review by the board of an order entered as the result of a mistake of fact as to the actual injuries received by the claimant, whether made by the employee, the insurer, or the board itself, irrespective and independent of any issue of fraud...."

In *Twin City* there were significant medical developments and reports concerning the extent and nature of the claimant's injury which were not initially before the Board, and those facts were held to justify the finding of a mistake of such character to permit the review and modification of the initial award. In this case the record simply contains no evidence which would justify a finding of the existence of a mistake and for that reason the trial court's granting summary judgment was proper.

Plainly, the worker's compensation law is intended to award compensation to a worker according to the nature of his injuries, but the existence and extent of the injuries of appellant, Melba Anderson, were fully before the Board prior to its final award. The letter of Dr. Bloom adds nothing which can be construed as indicating that the reports considered by the Board at the first hearing contained mistakes as to the actual injuries received by Mrs. Anderson. The nature of appellant's contention is more that the Board was wrong, in error, and mistaken in its judgment in denying her claim. Indeed, the Board may have been wrong and for that reason the act gives claimants a right to appeal. As the Supreme Court said in *Clawson*, while the failure to perfect an appeal from the Board's denial, "... is unfortunate, the statute does not authorize the Board to change its award in every case of injustice."

This case is more like that of *General American Casualty Company v. Rosas*, 275 S.W.2d 570 (Tex.Civ.App. Eastland 1955, writ ref'd n. r. e.). That court reviewed the grounds which authorized the board to review a previous award or order and acknowledged that in the final analysis the existence of a mistake is a question of fact for the trial court. The court looked at the evidence of "mistake" in *Rosas* and concluded that the facts there,

> "... do not portray the type of mistake contemplated by the statute as a basis for review of a previous order of the Industrial Accident Board. The mistake alleged and shown, if any, is simply a mistake in judgment on the part of the Board in denying appellee's claim. The remedy for such a mistake is an appeal to the court under the provisions of the Workmen's Compensation Law, and not a review by the Board under Article 8306, sec. 12d...."

Appellant Anderson's allegations are that the Board was mistaken in judgment in denying her claim. The remedy for her was

to perfect an appeal to the proper court as provided for in the worker's compensation law.

 Appellant Anderson did not give notice of appeal to the Board from the first hearing so as to perfect her appeal, although suit was filed in the District Court of Gregg County, Texas, in cause No. 78–1358–B, to set aside the 1978 award of the Board. Because of her failure to give notice, that case resulted in the granting of the insurer's motion for summary judgment in a final judgment signed December 1, 1978. The record in those proceedings is not before this Court and although the judgment appears to be a final disposition on the merits of that case and is urged as being res judicata in the defendant's motion for summary judgment, both counsel treat that judgment as being equivalent to the court's dismissal for lack of jurisdiction due solely to Appellant Anderson's failure to give notice of appeal. In either case, the action of the trial court in granting the summary judgment from which this appeal has been taken is correct.

The judgment of the trial court is affirmed.