**ROYAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Reba Roderick GOAD; Karla Marie Goad and Ronald Lee Goad, minors, Appellees.**

**No. 2–83–156–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 4, 1984.

Simon, Peebles, Haskell, Gardner & Betty, Anne Gardner, Fort Worth, for appellant.

Jenks Garrett, Arlington, for appellees.

Before FENDER, C.J., and HUGHES and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is a suit for worker's compensation death benefits. On November 20, 1980, the Industrial Accident Board awarded death benefits to appellees, survivors of the decedent, Charles Clifton Goad, changing its previous award denying compensation. Appellant Royal Insurance Company of America, appealed to the 67th Judicial District of Tarrant County, Texas. From a jury verdict in favor of the appellee in that court, Royal Insurance Company brings the present appeal.

We affirm.

On the morning of June 8, 1979, Charles Clifton Goad arose at 4:30 a.m. and began preparing for work that day. Goad was able to finish only half his breakfast and complained to his wife of difficulty in swallowing and of slight chest pains. Goad left home at 5:10 a.m. and drove two miles to work, arriving at the General Motors factory in Arlington, Texas, prior to 6:00 a.m.

Goad parked his truck and walked approximately 300 yards to the building's entrance. He climbed two flights of stairs to the floor where his work station was located and went around a corner to a water fountain situated against the wall. At approximately 6:00 a.m., Goad was found slumped over, leaning against the water fountain. He was pronounced dead on arrival at Arlington Memorial Hospital. The autopsy report concluded that Goad had died of a heart attack.

The appellees filed a claim for death benefits with the Industrial Accident Board. The Board received the autopsy report sometime in October of 1979 and on November 16, 1979, the Industrial Accident Board issued an award denying death benefits to appellees. This award specifically stated that the denial of benefits was based on a finding "[t]hat the evidence submitted fails to establish that the deceased sustained an injury in the course of employment that resulted in death as alleged."

On November 12, 1980, plaintiffs filed a request with the Industrial Accident Board for review pursuant to TEX.REV.CIV. STAT.ANN. art. 8306, sec. 12d (Vernon 1967) Texas Worker's Compensation Act. As evidence to support a review based upon mistake, plaintiffs presented a letter report from Dr. Vincent DiMaio, dated November 7, 1980. In that letter, Dr. DiMaio stated that he had reviewed the autopsy as well as a memo from the appellee's attorney informing him of Goad's activities on the morning of his death. It was Dr. DiMaio's opinion that the "stress involved in the walk and especially the climbing of the stairs" precipitated the fatal heart attack.

On November 20, 1980, the Industrial Accident Board issued its award vacating and setting aside its earlier award and granted death benefits to Mrs. Goad and the two minor children. The Board specifically found that a mistake of fact had been made in the earlier award "for the evidence now clearly shows said Charles Clifton Goad to have sustained an accidental injury in the course of his employment resulting in his death on June 8, 1979."

Royal Insurance Company of America appealed to the 67th District Court of Tarrant County. In answer to the special issues submitted to it, the jury found that Charles Clifton Goad suffered a heart injury on or about June 8, 1979; that such injury was received in the course of his employment; that such injury was a producing cause of his death; and that the

Industrial Accident Board caused its initial award to be set aside because of a mistake of fact on which the initial award was based. From judgment in favor of plaintiffs, defendant appeals.

Appellant raises eight points of error on appeal. Points of error one and two contend that no "mistakes of fact" existed which would give the Industrial Accident Board authority to revoke its award of November 16, 1979. Points of error three, four and five complain of the charge to the jury on "mistake of fact". Points of error six, seven and eight contend that there is either no evidence or insufficient evidence to support the jury's answers to the special issues submitted.

Appellant's point of error one contends that the trial court erred in overruling its motion to disregard the jury finding in answer to special issue number four because there was no evidence that any error in the initial award was a mistake of fact within the meaning of TEX.REV.CIV. STAT.ANN. art. 8306, sec. 12d. Point of error two contends that the trial court erred in overruling defendant's motion for judgment non obstante veredicto and in refusing to render judgment for defendant because the evidence established as a matter of law that any error in the initial award of the Industrial Accident Board was a mistake of judgment and not a mistake of fact. Point of error two further contends that the jury's finding in answer to special issue number four was so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong.

Appellant challenges both the legal and factual sufficiency of the evidence to support the jury's answer to special issue number four. Special issue number four asked, "[d]o you find from a preponderance of the evidence that the Industrial Accident Board caused its initial award to be set aside because of a mistake of fact on which the initial award was based?" The jury answered this special issue in the affirmative by stating, "We do". Article 8306, sec. 12d, states:

Sec. 12d. Upon its own motion or upon the application of any person interested showing a change of condition, mistake or fraud, the Board at any time within the compensation period, may review any award or order, ending, diminishing or increasing compensation previously awarded, within the maximum and minimum provided in this Law, or change or revoke its previous order denying compensation, sending immediately to the parties a copy of its subsequent order or award. Provided, when such previous order has denied compensation, application to review same shall be made to the Board within twelve months after its entry, and not afterward. Review under this Section shall be only upon notice to the parties interested.

TEX.REV.CIV.STAT.ANN. art. 8306, sec. 12d (Vernon 1967).

■ In reviewing appellant's "no evidence" point, the jury's fact findings must be upheld if there is more than a scintilla of evidence in support thereof. *Stedman v. Georgetown S. & L. Ass'n,* 595 S.W.2d 486, 488 (Tex.1979). There is some evidence, more than a scintilla, if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds as to the existence of the vital fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983). Moreover, in testing these findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Stedman, supra;* Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361 (1960).

■ On the other hand, when we confront a challenge that the evidence is insufficient, we must consider and weigh all the evidence in the case, including that which is contrary to the verdict. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980). We must determine whether the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. *In re King's Estate,* 244 S.W.2d

660, 661 (Tex.1951). We must determine if the evidence which supports the jury's answers to the special issues is so weak, or the evidence to the contrary is so overwhelming, as to warrant a setting aside of the verdict and remanding for a new trial. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); Calvert, *supra.*

■ The existence of mistake pursuant to art. 8306, sec. 12d is initially a question for the Industrial Accident Board, "but in the final analysis, it is a fact question" to be determined by the trier of fact. *General American Casualty Company v. Rosas*, 275 S.W.2d 570, 573 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.). The court in *General American Casualty Co.*, stated that "'mistake' independently authorizing the setting aside of an award approving a compensation settlement must concern not the claimant's real condition but some fact material to the settlement contract." *General American Casualty Co.*, supra at 574.

It has also been held that the term mistake in the statute "was intended to authorize a review by the Board of a mistake of fact as to the actual injuries received, whether made by the employee, the insurer, or the Board itself." *Commercial Standard Insurance Company v. Shank*, 140 S.W.2d 273, 275 (Tex.Civ.App.—Austin 1940, writ dism'd judgmt. cor.). Mistake as contemplated by the statute has also been described as "one leading or causing the entry of an erroneous award." *Clawson v. Texas Employer's Insurance Association*, 469 S.W.2d 192, 195 (Tex.Civ.App.—Houston [14th Dist.] 1971), *aff'd*, 475 S.W.2d 735 (Tex.1972). "[T]he alleged mistake must have been one of fact, not merely an error of law or of judgment." *Twin City Fire Ins. Co. v. Foster*, 537 S.W.2d 760, 762 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.).

■ As stated above, the Board's initial award denied benefits based on a finding that the evidence failed to establish that the deceased sustained an injury in the course of employment. The award of November 20, 1980 clearly states that "a mistake of fact was made" in the initial award and that the evidence now clearly shows that the deceased "sustained an accidental injury in the course of his employment." The initial award by the Board was based on what amounted to a finding that the deceased received no injury in the course of employment.

At trial, the appellee called Bobby J. Barnes to testify. Barnes was a member of the Texas Industrial Accident Board at the time both awards were made. Barnes' testimony revealed that the only evidence before the Board, at the time the initial award was made, was the autopsy report. This report did not reveal any of the deceased's activities on the morning of his death. Nothing in the autopsy report tied the fatal attack to the deceased's work. Based on this, the Board found that the deceased did not receive an injury in the course of his employment. Barnes further testified that upon review, the additional report of Dr. DiMaio did connect the fatal heart attack with the work place and deceased's work, there by supporting the unanimous award in favor of appellees.

In the initial award, the Board determined that no compensable injury had occurred or that no injuries were received in the course of employment. We find that this was clearly a mistake of fact as to the actual injuries received. In making the initial award, the Board was operating under a mistake of fact; that no injury was received in the course of employment. This was clearly erroneous, in light of medical testimony to the contrary upon review of such award. As stated by the court in *Commercial Standard Ins. Co.*, supra at 275, "it was the manifest purpose of Sec. 12d to authorize the Board, in administering the Act, and to effectuate its purpose, to correct mistakes made without fault of any party, and in the light of the true facts". The true facts in the present case were that the deceased received an injury in the course of employment, therefore, the initial award was based on a mistake of fact. *See: Twin City Fire Ins. Co.*, supra, at 763.

We find that there was more than a scintilla of evidence to support the jury's finding that the initial award was properly set aside because it was based on a mistake of fact. The mistake of fact being the Board's original belief that no injury was received in the course of employment, when in fact, there was evidence available that an injury was received in the course of employment. We overrule appellant's point of error one.

We find that the initial award was based on a mistake of fact and not a mistake of judgment. We further find that the jury's finding is not so against the overwhelming weight and preponderance of the evidence as to be manifestly wrong. We overrule appellant's point of error two.

■ Appellant's point of error three and four complain of the jury instruction given in connection with special issue number four. The instruction stated in part:

An award of the Industrial Accident Board can be set aside based on new evidence when the prior award of the Board, entered without such evidence, would constitute a mistake of fact. It is immaterial whether the mistake is made by the claimants, the insurer, or the Board itself.

Appellant's point of error three contends that such instruction was not a proper statement of the law. Appellant's point of error four contends that the instruction constituted an improper comment upon the weight of the evidence.

The instruction recited above clearly states that an award may be set aside based on new evidence, but only if the entry of an award without such evidence would constitute a mistake of fact. The instruction does not attempt to give a definition of mistake of fact. Instead, it hinges the setting aside of an award based on new evidence on an affirmative finding of mistake of fact. Taken as a whole, we do not find the instruction to be an improper statement of the law.

In *Twin City Fire Ins. Co.*, the Board made an initial award which was subsequently set aside based on new evidence. The new evidence was medical testimony on appellees' condition at the time of the initial award. The Board made its initial award without considering or even having before it such evidence. When the evidence was presented to the Board upon review, it was determined that a mistake of fact had been made in the initial award. *Twin City Fire Ins. Co., supra* at 763. We find that this instruction, as given, was a proper statement of the law. Appellant's ground of error three is overruled.

"To constitute a comment on the weight of the evidence, the special issue must be worded so as to indicate an opinion by the trial judge as to the verity of the fact inquired about." *Metal Structures Corp. v. Plains Textiles, Inc.*, 470 S.W.2d 93, 102 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). *See: McDonald Transit, Inc. v. Moore*, 565 S.W.2d 43 (Tex.1978), citing *Metal Structures Corp.*, with approval. We find that the above instruction in no way assumes the nature of an answer to the question posed to the jury. The existence of a mistake of fact is entirely left up to the jury for its determination. Appellant's point of error four is overruled.

■ Appellant's point of error five contends that the trial court erred in refusing to submit defendant's requested handwritten instruction in connection with special issue number four. The requested instruction states:

You are further instructed that insufficient information is not a mistake of fact.

Appellant asserts that the court's refusal to give such instruction was reversible error. To the contrary, we hold that to give such an instruction would be improper and a misstatement of the law in light of the holding in *Twin City Fire Ins. Co., supra.*

■ The trial court has considerable discretion pursuant to TEX.R.CIV.P. 277 in determining what instructions are necessary and proper. *See: Steinberger v. Archer County*, 621 S.W.2d 838, 841 (Tex. App.—Fort Worth 1981, no writ). In *Steinberger, supra*, at 841, this court held that "[a]bsent a showing of such denial of

appellants' rights as was reasonably calculated to cause and probably did cause rendition of an improper verdict in the case, no abuse of discretion has been shown." We find no abuse of discretion in the present case. Appellant's point of error five is overruled.

Appellant's point of error six, seven, and eight challenge both the legal and factual sufficiency of the evidence to support the jury's answers to special issues one, two and three. Special issue number one asked: "[d]o you find from a preponderance of the evidence that Charles Clifton Goad received a heart injury on or about June 8, 1979?" Special issue number two asked: "[d]o you find from a preponderance of the evidence that Charles Clifton Goad received such injury in the course of his employment by General Motors Corporation?" Special issue number three asked: "[d]o you find from a preponderance of the evidence that such injury was a producing cause of the death of Charles Clifton Goad?" Each of the special issues was answered in the affirmative by the jury stating "We do".

■ It is the well settled law of this State that "a heart attack caused by strain or over-exertion is an accidental injury to the physical structure of the body within the meaning of the Workmen's Compensation Act." *Baird v. Texas Employers' Insurance Association*, 495 S.W.2d 207, 211 (Tex.1973). "It has also been settled that it is not required that the injury in the course of employment be the sole cause of disability or death, and that a predisposing bodily infirmity will not preclude compensation." *Baird, supra* at 210. *See: Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649 (Tex. 1976). For such accidental injury to be compensable it must be causally traced to a definite time, place and cause. *Olson v. Hartford Accident and Indemnity Company*, 477 S.W.2d 859 (Tex.1972). *See: Western Casualty and Surety Co. v. Dickie*, 609 S.W.2d 874 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.).

■ In the present case the deposition testimony of both Dr. Vincent DiMaio and Dr. Benedict A. Terminia were entered into evidence at trial. Dr. DiMaio testified that the walk made by deceased from his truck to the point of his collapse and especially the climbing of the stairs precipitated the fatal heart attack. He further testified that such exertion aggravated the deceased's underlying heart disease thereby producing the cardiac arrhythmia which caused the death of Goad. Dr. Terminia, a witness produced on behalf of the appellant here also testified that Goad's activities at work may have been the precipitating cause of the fatal heart attack. He further testified that Goad's climbing of the stairs "could have been the triggering event that caused him to have an arrhythmia which resulted in his death." Based on such testimony, we find that there was more than a scintilla of evidence to support each of the jury's affirmative answers to special issues number one, two and three. Appellant's "no evidence" contentions contained within points of error six, seven and eight are overruled.

In reviewing the appellant's challenge to the factual sufficiency of the evidence, we note that the only work-related activity engaged in by the deceased was the walk from his truck to his point of collapse which included the climbing of stairs. We must determine if such activity is sufficient to support the finding of a compensable injury. The trial court in *Sunbelt Insurance Co. v. Childress*, 640 S.W.2d 356, 360 (Tex.App.—Tyler 1982, no writ), held that the deceased's driving of his truck for long hours over a three and one-half day period, together with employment stress, precipitating the fatal heart attack, was sufficient to support the finding of a compensable injury. In *Liberty Mutual Insurance Company v. Rogers*, 497 S.W.2d 499, 501 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.), evidence that the deceased's fatal heart attack occurred following a twelve-hour work day and the strain of mopping the floor was sufficient to support the finding of a compensable injury. A heart attack causing total and permanent disability was held compensable where the evidence

showed that such attack was caused by a mentally stressful two-hour period in connection with the loading and unloading of baggage. *Transport Insurance Company v. McCully*, 481 S.W.2d 948, 950 (Tex.Civ. App.—Austin 1972, writ ref'd n.r.e.). The court in *Home Insurance Company v. Burkhalter*, 473 S.W.2d 318, 322 (Tex.Civ. App.—Texarkana 1971, no writ), found that the deceased suffered a compensable heart attack where the evidence showed that such attack was precipitated by the deceased's climbing of stairs. Finally, a compensable injury was found where the evidence showed that the deceased's heart attack was caused by his climbing in and out of a truck. *Midwestern Insurance Company v. Wagner*, 370 S.W.2d 779, 781 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).

▮▮▮▮ The Supreme Court of Texas has stated that "[t]he Worker's Compensation Act is to be liberally construed in favor of claimants." *Stott v. Texas Employers Insurance Association*, 645 S.W.2d 778, 780 (Tex.1983). Considering all the evidence in the present case, we find that such was sufficient to support each of the jury's affirmative answers to special issues number one, two and three. The evidence is sufficient to show that Goad received a heart injury in the course of his employment which injury was a producing cause of his death. We further find that the jury's findings are not so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant's points of error six, seven and eight are overruled.

▮▮▮▮ Appellee assigns a single cross-point of error in this case. Appellee contends that the trial court erred in awarding lump sum attorney's fees based upon the widow's pension tables which consider the expectancy of the widow's remarriage. It is asserted that the tables are inaccurate and inherently unreliable and should therefore as a matter of law not have been used in the court's computation. It is well settled that the amount and form of payment of attorney's fees in compensation cases is

a matter within the trial court's discretion and such determination will not be overturned except for an abuse of that discretion. *Texas Employers' Insurance Association v. Critz*, 604 S.W.2d 479, 485 (Tex. Civ.App.—Texarkana 1980, writ ref'd n.r. e.). *See: Texas Employers Insurance Association v. Motley*, 491 S.W.2d 395 (Tex. 1973). We find no abuse of discretion in the present case. Appellee's cross-point of error is overruled.

The judgment below is affirmed.